UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

ZIM AMERICAN INTEGRATED SHIPPING
SERVICES, INC.,

                     Plaintiff,

     - against -

CARIBBEAN-AMERICAN PROGRAM FOR
EMPOWERMENT (USA), INC.,

                     Defendant.

- - - - - - - - - - - - - - - - - - X

REPORT AND
RECOMMENDATION

CV 06-6629 (FB) (MDG)

GO, United States Magistrate Judge:

    Plaintiff Zim American Integrated Shipping Services, Inc. brings this admiralty action against defendant Caribbean-American Program for Empowerment (USA), Inc. for unpaid ocean freight for the transportation of certain goods. By order dated March 23, 2007, the Honorable Frederic Block granted plaintiff's motion for entry of default judgment and referred to me for report and recommendation the amount of damages. See ct. docs. 7, 8.

## FACTUAL BACKGROUND

    Pursuant to a bill of lading dated July 27, 2005, 89 pieces of goods, including hospital beds, wheelchairs, night tables, chairs and desks, were delivered to plaintiff to be carried from New York to Georgetown, Guyana on the ZIM PUSAN. See Complaint ("Compl.") at ¶ 4, Exh. A. Defendant agreed to pay the

applicable charges pursuant to plaintiff's tariff in the amount of $2,906.00.  Id., Exh. A.  Although plaintiff transported the goods to the port of destination as agreed, id. at ¶¶ 5-7, defendant has failed to pay the $2,906.00 due.  Affidavit of Tasos N. Christ dated January 9, 2007 ("Christ Aff.") at ¶ 2.

On December 14, 2006, plaintiff commenced this action seeking recovery of unpaid ocean freight.  See ct. doc. 1.  On December 18, 2006, plaintiff served defendant by personal delivery to the Secretary of State.  See ct. doc. 2.  I find that service was properly effectuated.  See N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1).

Following defendants' failure to answer the Complaint, plaintiff filed a motion for judgment by default on January 10, 2007.  See ct. doc. 4.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages.  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged.  Au Bon Pain, 653 F.2d at 69-70.  The movant need prove "only that the compensation

-2-

sought relate to the damages that naturally flow from the injuries pleaded." Greyhound, 973 F.2d at 159.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment. Actual damages or statutory damages may be assessed. In determining damages not susceptible to simple mathematical calculation, Fed. R. Civ. P. 55(b)(2) gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. Action S.A. v. Marc Rich and Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991). The moving party is entitled to all reasonable inferences from the evidence it offers. Au Bon Pain, 653 F.2d at 65.

Plaintiff has alleged that pursuant to a bill of lading that lists defendant as the shipper, defendant agreed to pay plaintiff to carry its goods from New York to Guyana, plaintiff fulfilled its obligations under the agreement and defendant has failed to pay the agreed amount. The bill of lading constitutes a maritime contract. See Southern Pacific Transportation Co. v. Commercial Metals Co., 456 U.S. 336, 342 (1982); Berisford Metals Corp. v. S/S Salvador, 779 F.2d 841, 845 (2d Cir. 1985); David Crystal, Inc. v. Cunard S.S. Co., 223 F. Supp. 273, 290-91 (S.D.N.Y. 1963) ("There is no question but that the bill of lading is a maritime contract, that a suit for its breach is clearly within admiralty jurisdiction"); see also Sompo Japan Ins. Co. of America v. Union Pacific R.R. Co., 456 F.3d 54, 56 n.4 (2d Cir. 2006). In any

event, a written contract is unnecessary to establish a contract of shipment.  See Missouri, K. & T. Ry. Co. of Texas v. Patrick, 144 F. 632, 633 (8th Cir. 1906).  At a minimum, the bill of lading is evidence that a shipping contract existed between the parties.  See id.  Moreover, even absent a contract, the facts alleged by plaintiff are sufficient to establish a quasi-contract.  See Contship Containerlines, Inc. v. Howard Indus., Inc., 309 F.3d 910, 914 (6th Cir. 2002) (finding that plaintiff established quasi-contract by alleging that defendant delivered goods to plaintiff and plaintiff transported them pursuant to bill of lading).  In sum, plaintiff has alleged facts sufficient to establish defendant's liability for the unpaid freight charges.

The bill of lading demonstrates that the freight charges agreed to by the parties amounted to $2,906.00 pursuant to plaintiff's public tariff.  See Compl. at ¶ 4, Exh. A.  The affidavit of Tasos Christ, plaintiff's Manager of Credit and Collections, establishes that those charges remain unpaid.  See Christ Aff. at ¶ 2.

Plaintiff also seeks pre-judgment interest from July 27, 2005, the date of the bill of lading.  See Affidavit of Albert J. Avallone dated January 10, 2007 at ¶ 6 (attached to ct. doc. 4).  In an admiralty case, whether to award pre-judgment interest and the rate at which it should be calculated is within the court's discretion.  See Central Hudson Gas & Elec. Corp. v. Empresa

Naviera Santa S.A., 56 F.3d 359, 372 (2d Cir. 1995). Pre-judgment interest is generally awarded in the absence of exceptional circumstances, such as unreasonable delay or bad faith in prosecuting a claim. See id.; Zim-American Israeli Shipping Co., Inc. v. Beacon Int'l, Inc., No. 03 Civ. 5988, 2004 WL 1497693, at * 1 (S.D.N.Y. July 2, 2004); Larsen v. A.C. Carpenter, 620 F. Supp. 1084, 1125 (E.D.N.Y. 1985). No such exceptional circumstances exist here. Accordingly, I recommend awarding plaintiff interest at New York's statutory rate of 9% from July 27, 2005. See Beacon Int'l, 2004 WL 1494693, at *1; N.Y. C.P.L.R. §§ 5001 ("Interest shall be computed from the earliest ascertainable date the cause of action existed"), 5004.

Finally, plaintiff seeks the recovery of the cost of this action in the amount of $590.00, consisting of the filing fee and service of process fee. I find these amounts to be reasonable and recoverable. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54; Local Civil Rule 54.1.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff be awarded $2,906.00 in damages, $572.40 in pre-judgment interest through September 30, 2007 and $590.00 in costs, for a total judgment in the amount of $4,068.40.

This report and recommendation will be electronically filed and a copy sent by overnight mail to the defendant on this date. Any objections to this Report and Recommendation must be

electronically filed, with a courtesy copy sent to Judge Block, by September 27, 2007. Failure to file objections within the specified time waives the right to appeal. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated: Brooklyn, New York
September 12, 2007

<u>  /s/                              </u>
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE